69   599|
171s 417|

# Supreme Lodge Knights of Pythias v. Kate McLennan.

1. PLEADING—*Sufficiency of Averment that Contract Sued on is Contract of Defendant.*—A declaration which names the defendant in its commencement and then alleges that "the defendant made its policy of insurance and delivered the same to the plaintiff in words and figures following, to wit," and setting forth the policy sued on, sufficiently avers that such policy is the contract of the defendant named in the opening clause.

2. SAME—*Payment of Dues to, and Compliance with Laws of Insurance Order.*—In a suit on an endowment certificate requiring payment of all assessments and compliance with all laws governing the order, as a condition to the certificate remaining in force, it is not necessary to allege such payment or compliance. If any assessments were made, or if there were any laws governing the order, it is for the defendant to show the facts.

3. SAME—*Facts only Should be Stated and not Matters of Law.*—In pleadings, facts only are to be stated, and not arguments, inferences, conclusions or matters of law, and an allegation in a plea that a board of control had power to enact rules, laws and regulations for the government of an order is bad, because it tenders an issue of law and not of fact.

4. CONTRACTS—*Acquiescence in Attempt of Third Party to Alter.*—While the parties to a contract may by mutual consent change its terms, an attempt by one not a party to the contract to do so does not bind one of the parties, although he may have had notice of and acquiesced in such attempt.

Assumpsit, on a membership certificate. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed March 29, 1897.

. BENSON LANDON and WILLIAM S. FORREST, attorneys for appellant.

McDANNOLD & PHELPS, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit brought by appellee against appellant to recover on a certificate of membership or policy of insurance, as it is termed in the declaration.

Which said certificate of membership is set forth in the declaration, *in haec verba,* the death of the assured, Kenneth McLennan, being averred.

To the declaration filed by the plaintiff below, the following plea was interposed:

"And the defendant says, that in a certain application for membership made by said Kenneth McLennan, which application was made a part of the said contract contained in said certificate, and was offered to said defendant as an inducement and consideration for the making of said certificate, the said Kenneth McLennan agrees to be governed by, and that the said contract so made should be controlled by all the laws, rules and regulations of the order governing said rank now in force, or that may hereafter be enacted by the Supreme Lodge, Knights of Pythias of the World, and that under the provisions and conditions of said supposed instrument in writing and supposed certificate of membership in said declaration mentioned, which terms and conditions were accepted by said Kenneth McLennan, the said instrument in writing and supposed certificate of membership were issued upon consideration of full compliance by the said Kenneth McLennan with all the laws governing said rank, now in force, or that may hereafter be enacted, and that he should be in good standing under said laws at the time of his death, and that it was understood and agreed that any violation of the condition contained in said certificate of membership, or the requirement of the laws in force governing said rank, should render said certificate and all claims under it, null and void, and that at the time of the issuing of said certificate, to wit, on the 22d day of August, 1890, and ever since the board of control of said Endowment Rank had full power to enact laws, rules and regulations, and to alter and amend the same for the government of said Endowment Rank, and that in pursuance of such authority the said board of control of said Endowment Rank did, on, to wit, at its regular quarterly session, held in Chicago, from January 12 to 13, 1893, duly enact and adopt the following law, rule and regulation: 'If the death of

any member of the Endowment Rank heretofore admitted into the first, second, third or fourth classes, or hereafter admitted, shall result from self-destruction, either voluntary or involuntary, whether such member shall be sane or insane at the time, or if such death shall be caused or superinduced by the use of intoxicating liquors, narcotics or opiates, or in consequence of a duel, or at the hands of justice, or in violation or attempted violation of any criminal law, then, in such case, the certificate issued to such member, and all claims against such Endowment Rank on account of such membership shall be forfeited;' of the enactment of which law the said Kenneth McLennan had notice and acquiesced in from thence up to the time of his death, and the said law, rule and regulation remained and was in force and governed the said Endowment Rank at the time of the death of said Kenneth McLennan; and the defendant says that the death of said Kenneth McLennan resulted from self-destruction, by reason whereof the said certificate and all claims thereon against the defendant became forfeited and the defendant not liable to pay the same, or any part thereof."

A demurrer to this plea having been sustained, the defendant elected to stand by its plea, whereupon a jury was impaneled, and assessed the plaintiff's damages at the sum of $3,000.

It is urged by appellant that it appears from the declaration, that the contract sued on was not the contract of the Supreme Lodge, Knights of Pythias, of the World. The declaration alleges that the defendant, on the 22d day of August, 1890, made its policy of insurance and delivered the same to the plaintiff " in words and figures following, to wit: " Thereafter there is set forth the certificate of membership introduced in evidence."

This was a sufficient averment.

The endowment certificate purports to have affixed thereto the seal of the Supreme Lodge, Knights of Pythias, of the World. It was shown that the president of the Knights of Pythias had stated that the class in which the deceased was

insured was sufficient to pay out $3,000 to each deceased member. This, in the absence of anything to the contrary, sufficiently showed that the endowment certificate was a contract made by appellant.

It is also urged that the declaration will not support the judgment, because it does not aver payment of all assessments required, the payment of assessments being, in the endowment certificate, made a condition of its remaining in force.

It does not appear that any assessments were made. If there were any, the burden was upon appellant to show it.

It is also urged that the declaration fails to allege compliance by the assured with all laws governing the rank in force at the time of the issuance of the certificate, or thereafter enacted.

It does not appear that there were any laws governing the rank in which the deceased was insured in force at the time the certificate was issued, or thereafter enacted. If there were any such, it was for appellant to show the same. The declaration alleges that the said policy was in full force and effect when the said Kenneth McLennan died. This was a sufficient allegation in that regard. Appellant made no denial of this charge, but relied upon the special plea which it filed, to which, as we have before stated, a demurrer was sustained.

Nor, under the pleadings, was notice and proof of death and good standing in the rank, at the time of the death of the deceased, necessary.

The plea, to which a demurrer was sustained, alleges that on the 22d day of August, 1890, and ever since, the board of control of said Endowment Rank had full power to enact laws, rules and regulations, and to alter and amend the same for the government of said Endowment Rank.

This is a mere pleading of a conclusion—a statement as to the law.

The provision in the certificate of membership, or agreement which the deceased entered into, declares that a consideration of the obligation to pay the endowment therein

provided for, is that the assured should comply with all the laws governing the Endowment Rank of the order of Knights of Pythias then in force, or that thereafter might be enacted.

The agreement as to laws that might thereafter be enacted, was as to laws thereafter enacted by the Supreme Lodge, Knights of Pythias, of the World, of which the deceased became a member.   There was no agreement that he was to be bound by laws that might thereafter be enacted by the board to control of the Endowment Rank.

Had appellant pleaded that after the issue of said certificate, the Supreme Lodge, Knights of Pythias, of the World, with whom the assured had contracted, had enacted the law, rule or regulation set forth in the plea, appellee could have joined issue thereon.   Such pleading would have raised a question of fact for trial by a jury; as it was, the allegation that the board of control had full power to enact laws and the law set forth in the plea, tendered only an issue of law.

Upon an issue made as to whether the Supreme Lodge, Knights of Pythias, of the World, had made the law, rule or regulation set forth in the plea, appellant might have shown what the board of control had done, and what there was in the constitution or laws of the Supreme Lodge giving the board of control of the Endowment Rank authority to enact the law set forth in the plea.   Appellee could not join issue upon the allegation that the board of control had full power to enact rules, laws and regulations for the government of the Endowment Rank, because such allegation tendered an issue of law, and not one of fact.

In pleading, facts only are to be stated, and not arguments, inferences, conclusions, or matters of law, in which respect pleadings at law differ materially from those in equity.   1st Chitty's Pleadings, 16th Am. Ed., pp. 236, 253 and 566.

Every plea should be true and capable of proof, for truth is the goodness and virtue of pleading, as certainty is the grace and beauty of it.

The plea alleges that of the enactment of the (alleged)

law set forth therein, the assured had notice and acquiesced in from thence up to the time of his death.

This is an allegation that the assured had notice of, and acquiesced in, the action of the board of control of the Endowment Rank in attempting to create a new law.

As the manner in which the so-called law was created is set forth, the charge amounts to no more than that the assured had notice of, and acquiesced in, what the board of control had done.

The contract of the assured was with the Supreme Lodge, Knights of Pythias of the World, and not with the board of control of the Endowment Rank. Quite likely the parties to the contract might, by mutual consent, have changed its terms, but an attempt by one not a party to the contract to change the agreement did not alter the compact, although the assured might have had notice of, and acquiesced in, such attempt.

In Supreme Lodge, Knights of Pythias, of the World v. LaMalta et al., 31 S. W. 493, the Supreme Court of Tennessee held that the board of control had not power to enact the by-law set forth in the plea filed in this case.

We do not think that such question is before us, because the demurrer to the plea raised the question, not of the authority of the board of control to make such by-law, but whether there was properly charged in the plea that any such by-law had been made by the Supreme Lodge, Knights of Pythias of the World, with which alone the assured entered into contractual relations.

The judgment of the Superior Court is affirmed.